## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| **MUHAMMAD AWIDI,**<br>455 Silver Maple Ridge, Apt. 13<br>Charleston, WV 25306<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>**MARKWAYNE MULLIN**, in his official capacity, Secretary, U.S. Department of Homeland Security;<br><br>**JOSEPH B. EDLOW**, in his official capacity, Director, U.S. Citizenship and Immigration Services;<br>2707 Martin Luther King Jr. Ave, SE<br>Washington, DC 20528-0485, and<br><br>**TODD BLANCHE,** in his official capacity, Acting Attorney General, Office of Attorney General, U.S. Department of Justice;<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>Defendants/Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 2:26-cv-00275 |

---

### PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT AND PETITION FOR  WRIT OF MANDAMUS

### INTRODUCTION

COMES NOW MUHAMMAD AWIDI, (hereinafter "Plaintiff AWIDI" or "Plaintiff"), by

and through the undersigned counsel, in the above cause, and states as follows:

1

1.      Plaintiff AWIDI is a Jordanian national.  Plaintiff is a physician specializing in hematology and medical oncology who has obtained a waiver recommendation under the Conrad 30 program to serve in a medically underserved region of the United States.[1]

2.      The U.S. Department of State Waiver Review Division issued a favorable recommendation for Plaintiff's waiver application (Case No. 1961632) in June 2025 and forwarded the recommendation to USCIS for final adjudication.

3.      After the Department of State issues a favorable recommendation in a Conrad 30 waiver case, the remaining USCIS action is largely ministerial, as the agency typically grants the waiver absent extraordinary circumstances.

4.      Nevertheless, Defendants have failed to adjudicate the case for now over ten months.

5.      USCIS' own published processing times indicate that adjudication of the Form I-612 normally takes approximately 2.5 months.

6.      This unexplained delay has prevented approval of Plaintiff's related H-1B petition and has delayed Plaintiff's ability to begin providing urgently needed hematology and oncology services in a federally designated Health Professional Shortage Area.[2]

---

[1] Under INA § 212(e), exchange visitors may apply for a waiver of the section's two-year home residency requirement in one of five ways. (1) No objection statement from applicant's home government; (2) prove risk of persecution if the applicant is forced to comply with the two-year home residence requirement; (3) prove that denial of the waiver request would result in exceptional hardship to a U.S. citizen or lawful permanent resident spouse or child; (4) U.S. government or agency interest would be impacted; or (5) **the waiver being requested by a designated state public health department (the Conrad State 30 Program**) of the U.S. serving underserved communities.

[2] A Health Professional Shortage Area ("HPSA") is a geographic area, population group, or medical facility that has been formally designated by the Health Resources and Services Administration ("HRSA"), an agency of the U.S. Department of Health and Human Services, as having a shortage of primary care, dental, or mental health providers. These designations are based on objective criteria, including provider-to-population ratios, poverty levels, travel times to care, and other indicators demonstrating insufficient access to medical services. Within the context of the Conrad 30 waiver program, physicians seeking a waiver of the two-year home residence requirement must agree to practice medicine at a facility located in, or serving patients from, a federally designated Health Professional Shortage Area. The purpose of this requirement

7.      The delay harms not only Plaintiff but also cancer patients in West Virginia who are waiting for treatment appointments at the medical facility where Plaintiff is scheduled to begin work.

8.      Since February 2026, Defendants have not made any requests for additional information or evidence from Plaintiff Awidi.

9.      This action is brought as a result of Defendants' failure to adjudicate Plaintiff's Form I-612.

10.     The issuance of a final decision is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

11.     Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq.  As such, this action is brought to compel Defendants and those acting under them to take action on the Application by issuing a final decision.

## PARTIES

12.     Plaintiff MUHAMMAD AWIDI is a Jordanian national and for purposes of the instant action he is a resident of Kanawha County, West Virginia. He is the Applicant of Form I-612, Application for Waiver of Foreign Residence Requirement (Receipt # EAC2524550081).

13.     Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MULLIN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

---

is to ensure that highly trained physicians who receive Conrad 30 waivers provide essential medical services to communities that face significant barriers to accessing adequate healthcare.

14.    Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

15.    Defendant TODD BLANCHE is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

17.    Venue is proper in the U.S. District Court for the Southern District of West Virginia at Charleston pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff AWIDI resides and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

18.    The Plaintiff has repeatedly requested the Defendants to issue their final decision on the Application.  Further, Plaintiff has, directly and through Senator Shelley Moore Capito's Office and Senator James C. Justice's Office, initiated numerous inquiries with Defendants without any resolution. Plaintiff and his employer have exhausted their administrative remedies. Plaintiff has supplied the Defendants with documents that establish Plaintiff's eligibility to receive a final decision on his waiver Application.

19.    There are no further administrative remedies available for Plaintiff to utilize.

## CONRAD 30 WAIVER BACKGROUND

20.    Certain physicians who participate in J-1 exchange visitor programs are subject to the two-year foreign residence requirement under INA §212(e).

21.    The Conrad 30 waiver is a program that allows certain foreign physicians in J-1 status to waive the two-year home residence requirement under §212(e) of the Immigration and Nationality Act so they can remain in the United States to practice medicine in underserved areas.

22.    The program is authorized under INA §214(I), codified under 8 U.S.C. 1184(I) and administered jointly by state health departments, the U.S. Department of State Waiver Review Division, and United States Citizenship and Immigration Services.

23.    The Conrad 30 program allows certain foreign physicians in J-1 exchange visitor status to obtain a waiver of the two-year foreign residence requirement imposed by §212(e) of the Immigration and Nationality Act. Physicians who come to the United States to participate in graduate medical education or training programs on J-1 visas are generally required to return to their home country for a period of two years before they may apply for certain immigration benefits, including H-1B nonimmigrant status or lawful permanent residence. The Conrad 30 program provides a mechanism by which this requirement may be waived if the physician agrees to practice medicine in a medically underserved area of the United States for a specified period of time.

24.    Under the program, each state may recommend up to thirty J-1 physicians per fiscal year for a waiver of the two-year home residency requirement. To qualify, the physician must obtain a full-time employment offer from a healthcare facility located in a federally designated Health Professional Shortage Area or Medically Underserved Area, or from a facility that serves patients residing in such areas. The physician must also agree to work full-time in clinical practice for a

minimum of three years and must begin employment within ninety days of receiving the waiver and appropriate employment authorization.

25.    The Conrad 30 waiver process begins with the submission of an application to the appropriate state health department. The physician and the sponsoring employer submit documentation demonstrating the medical need for the physician's services, the physician's qualifications, and the terms of the employment contract. If the state determines that the physician's placement will serve the public interest and help address physician shortages within the state, it issues a formal recommendation that the waiver be granted.

26.    After the state issues its recommendation, the application is reviewed by the Waiver Review Division of the U.S. Department of State. The physician submits Form DS-3035 and supporting documentation to the Department of State, which evaluates whether granting the waiver is consistent with the public interest. If the Department of State agrees with the state's recommendation, it issues a favorable recommendation and forwards the case to United States Citizenship and Immigration Services ("USCIS") for final adjudication.

27.    Once the Department of State transmits a favorable recommendation, USCIS creates and adjudicates a Form I-612 application for waiver of the foreign residence requirement. In Conrad 30 cases, the physician does not independently file Form I-612; rather, USCIS generates the case internally upon receipt of the Department of State's recommendation. At this stage, USCIS reviews the Department of State's findings and issues the final agency determination granting or denying the waiver.

28.    Upon approval of the waiver by USCIS, the physician becomes eligible to obtain H-1B nonimmigrant status in order to begin employment with the sponsoring medical facility. The employer may then file a Form I-129 petition seeking H-1B classification for the physician so that

6

the physician can commence the required three-year period of medical service in the designated underserved area.

29. Plaintiff obtained sponsorship for a Conrad 30 waiver to provide hematology and oncology care in West Virginia.

## FACTUAL ALLEGATIONS

30. Plaintiff obtained sponsorship for a Conrad 30 waiver to provide hematology and oncology care in West Virginia.

31. In June 2025, the Department of State issued a favorable recommendation for Plaintiff's waiver (Case No. 1961632).

32. On June 12, 2025, the Department of State forwarded this recommendation to USCIS for final adjudication. The recommendation was received by USCIS on or around June 13, 2025.

33. On June 13, 2025, USCIS created the corresponding Form I-612 case for final adjudication. [**EXHIBIT A**].

34. On August 1, 2025, a minor correction regarding Plaintiff's middle name was submitted.

35. Importantly, Form I-612 is not filed by the applicant in this circumstance; rather, USCIS internally creates and processes the application after receiving the Department of State's favorable recommendation.

36. Over ten months (309 days) have passed since the Waiver Review Division's favorable recommendation was transmitted to USCIS.

37. USCIS has taken no action to adjudicate the waiver.

38. According to the USCIS website, the typical processing time for Form I-612 is approximately 2.5 months.

39.    Defendants have provided no meaningful explanation for the delay.

40.    Plaintiff's employer filed a Form I-129 H-1B petition (Receipt No. IOE0933511975) under premium processing on August 21, 2025.

41.    Approval of the H-1B petition depends on approval of the waiver.

42.    Because the waiver remains pending, the H-1B petition is effectively stalled.

43.    Plaintiff completed his training in September 2025 but has been unable to practice medicine or earn income during the delay.

44.    Plaintiff and his wife are expecting a child in May, creating additional financial and emotional hardship.

45.    Despite numerous inquiries by the Plaintiff, Defendants have yet to take any action on the Application.

46.    Plaintiff's Application has been pending with USCIS for over 40 weeks without adjudication and will likely remain pending absent judicial intervention.

47.    Plaintiff's inquiries have not resulted in any meaningful responses from USCIS.

48.    Defendants refuse to provide further explanation which would merit the need for over 40 weeks of processing time, which is an unreasonably long time, given Defendants are in receipt of all the required information and evidence, including the Waiver Review Division's favorable recommendation.

49.    Plaintiff has endured significant financial, emotional, and familial hardships as a result of the unreasonable period of time that Plaintiff's Application has been pending.

### VIOLATION OF THE APA

50.    All prior paragraphs are re-alleged as if fully stated herein.

51. Plaintiff has a right to apply for a waiver of the foreign residence requirement pursuant to INA § 214(I).

52. Given Defendants' failure to act for over ten months, Plaintiff's Form I-612 has been pending for an unreasonably period of time period of time, contrary to 5 U.S.C. §555(b).

53. The duty owed to the Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

54. Plaintiff has incurred significant costs and attorney's fees; Plaintiff and his family's lives are effectively on hold due to Defendants' inaction.

55. No other adequate remedy is available to Plaintiff.

56. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to issue a decision.

57. Given the Defendants' lack of a sufficient reason for not making a final decision on Plaintiff's Application for over ten months, Plaintiffs' Form I-612 has been pending for an unreasonably long period of time.

58. Defendants have failed in their duty to issue a final decision within a reasonable time.

59. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's cases.

60. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to issue a final decision on Plaintiff's Application, thereby depriving Plaintiff of the rights to which he is entitled.

61.     In addition, as a result of this delay, Plaintiff has incurred enormous costs and now significant attorney's fees; in effect, Plaintiff's and his family's lives are on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain for Defendants to issue a final decision on Plaintiff's I-612 Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and such other and future relief as this Court deems proper under the circumstances.

Date:  April 17, 2026                        Respectfully submitted,

**MUHAMMAD AWIDI**

By Counsel,

/s/ *M. David Griffith, Jr.*
**M. David Griffith, Jr. (WVSB # 7720)**
**Thomas Combs & Spann, PLLC**
**300 Summers Street, Suite 1380**
**Charleston, WV 25301**
**Ph: 304-4141810**
**Fax: 304-414-1810**
**Email: dgriffith@tcspllc.com**

*and*

*Sadaf F. Ahmed, Esq.*
*JEELANI LAW FIRM, PLC*
*3701 W. Algonquin Road, Ste. 630*
*Rolling Meadows, IL 60008*
*Phone:(312) 767-9030*
*Fax:(312) 767-9030*
*sadaf@jeelani-law.com*

*Pro hac vice admission pending*

11